UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VANDERSON DE SOUZA GLORIA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| | * | |
| v. | * | Civil Action No. 1:26-cv-11749-IT |
| | * | |
| DAVID WESLING, et al., | * | |
| | * | |
| Respondents. | * | |
| | * | |

MEMORANDUM & ORDER

April 27, 2026

TALWANI, D.J.

Petitioner Vanderson De Souza Gloria is a Brazilian national who has been detained by

ICE since April 15, 2026. Pet. ¶¶ 1–2 [Doc. No. 1]. Petitioner is currently detained at the

Plymouth County Correctional Facility, in Plymouth, Massachusetts. Id. ¶ 2. On April 15, 2026,

Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that, if

detention is authorized at all, he is detained pursuant to "8 U.S.C. § 1226(a), which entitles him

to a prompt, individualized bond hearing before an immigration judge." Id. at ¶ 4.

Respondents state "that the legal issues presented in this Petition are similar to those

recently addressed by this Court in Doe v. Moniz [800 F. Supp. 3d 203 (D. Mass. 2025)]." Resp.

1 [Doc. No. 6]. Respondents further note that "[s]hould the Court follow its reasoning in Doe, it

would reach the same result here." Id.

The court finds the reasoning in Doe remains correct. Nothing in the record indicates that

Petitioner was detained under 8 U.S.C. § 1225(b) rather than 8 U.S.C. § 1226(a). The Board of

Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025),

is unpersuasive and does not change the analysis. See Elias Escobar v. Hyde, No. 1:25-cv-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows. No later than May 4, 2026, Respondents shall provide Petitioner with a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). If the immigration judge declines to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention. Following the bond hearing, Respondents shall file a status report on this matter no later than May 6, 2026.

IT IS SO ORDERED.

April 27, 2026                                        /s/ Indira Talwani
                                                     United States District Judge

2